# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| HERBERT N. JOHNSON, | ) | |
| Movant, | ) | |
| v. | ) | CV417-053 |
| | ) | CR491-111 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

He's back. Sentenced to life for various drug charges,[1] Herbert N. Johnson has been moving for judicial relief in one form or another ever since, with his latest effort presented through a 28 U.S.C. § 2241 petition. CV417-053, doc. 1. His litigation history, however, dictates the result that this Court must reach: Denied. Plus, a sanctions warning.

After unsuccessfully appealing in 1993, *United States v. Saget*, 991 F.2d 702, 715 (11th Cir. 1993), Johnson moved to reduce his sentence in 1995. Doc. 420 (motion); doc. 427 (denied). In 1996, he moved for 28 U.S.C. § 2255 relief. Doc. 436 (motion); doc. 463 (denied). He followed

---

[1] In 2015, the Court reduced his sentence to 365 months after a U.S. Sentencing Guidelines change. *See* CR491-111, doc. 660. Incidentally, part of the digital record of this case is missing; its paper substitute is located at doc. 673.

that (in 1999) with a motion for "summary judgment." Doc. 488 (motion); doc. 492 (denied). In 2002, he again moved for § 2255 relief. Doc. 537; doc. 542 (denied); doc. 570 (appeal denied). Then he moved for a resentencing, doc. 543 (motion); to "amend Title 18 USC 3582(c)(2) with newly discovered evidence," doc. 544 (motion), and for modification of his sentence, doc. 560. All were denied. Docs. 547, 562 & 568.

In 2012, Johnson again moved to amend his sentence per 18 U.S.C. § 3582(c)(2), CR491-111, doc. 619, *as amended*, doc. 626, once again to no avail. Doc. 631 (denied), *aff'd*, docs. 655 & 656, *reh'g denied*, No. 12-14861 (11th Cir. Feb. 29, 2014). He finally struck *some* pay dirt in 2015, when (upon yet another sentence-reduction motion, doc. 658) the Court reduced his sentence from life to 365 months. Doc. 660.

But before that ultimate win, Johnson tried to sneak around the ban against successive § 2255 motions bar by mislabeling what he filed. Hence, he labeled his 2002 § 2255 motion as a request for relief under the "Federal Rules of Criminal Procedures Rule 3559(c)(7)." *Johnson v. United States*, CV402-028, doc. 1; *see also id.*, doc. 4 (Report and

Recommendation advising dismissal since it was a successive § 2255 motion), *adopted*, doc. 7 (S.D. Ga. June 13, 2002).

Next, he unsuccessfully knocked on the Eleventh Circuit's door. *In Re Johnson*, MC404-060, doc. 1 (11th Cir. Nov. 23, 2004) (denying leave to file a successive § 2255 motion on three new grounds, including: that "he was sentenced with a criminal history of II based on a state conviction that was subsequently overturned in 2002."). Twice. *In re Johnson*, CV496-173, doc. 42 (11th Cir. Jan. 24, 2006).

Now he's back. CV417-053, doc. 1. This time he invokes 28 U.S.C. § 2241 and (evidently aware of that statute's place-of-confinement venue requirement, *see e.g. Johnson v. Price*, 2016 WL 2909648 at * 2 (N.D. Ala. May 19, 2016)), supplied a "Savannah, Georgia" address on the envelope used to mail it to this Court, *id.* at 24, even though he is incarcerated within the Northern District of Georgia (otherwise the proper venue for a § 2241 petition). *Id.* at 2. Had Johnson used a complete, AO 242-version § 2241 form and answered the part that asks him what relief he seeks, *see* AO 242 at 5 ¶ 10, he would have been forced to state the obvious: By raising the same "criminal history" claim rejected by the first *In Re*

*Johnson* panel, and thus renewing his sentence challenge, his petition lands him in § 2255's heartland. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n. 1 (11th Cir. 2008); *United States v. Larios*, 2016 WL 3960542 at * 1 (S.D. Ga. June 20, 2016). That means that, substance-wise, he is *not* advancing a § 2241 petition, but just another § 2255 motion. This Court, in turn, lacks jurisdiction:

> Before a federal prisoner can file a second or successive § 2255 motion, he must obtain an order from the court of appeals authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *In re Blackshire*, 98 F.3d 1293, 1293 (11th Cir. 1996). Without [that] order of authorization, the district court is without jurisdiction to consider the § 2255 motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Prisoners cannot escape this gatekeeping function by relabeling their claim as something other than a § 2255 motion. *See Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc). If the prisoner's motion fails to meet the jurisdictional requirements of §§ 2244(b) and 2255, the district court should dismiss the motion. See 28 U.S.C. §§ 2244(b)(1)-(2), (4), 2255(h); [*Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007)] (vacating the district court's judgment denying the defendant's Rule 60(b) motion, and remanding the case back to the district court with instructions to dismiss the motion for lack of jurisdiction).

*Paige v. United States*, 2017 WL 1314845 at * 1 (11th Cir. Apr. 10, 2017). The Court therefore "must dismiss [movant's] second or successive petition, without awaiting any response from the government," in lieu of

waiting for movant to seek that authorization himself. *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012).

Accordingly, Herbert Nathaniel Johnson's latest § 2255 motion (which he mislabeled as a 28 U.S.C. § 2241 petition) should be **DISMISSED** as successive. CV417-053, doc 1. The Clerk shall enter Johnson's CV417-053, doc. 1 "Petition for Writ of Habeas Corpus" and subsequent filings into his CR491-111 criminal file, followed by a copy of this Report and Recommendation (R&R) -- since what he filed here in substance is a § 2255 motion, not a § 2241 petition. The above caption has been amended to reflect this result; the Clerk shall amend the CV417-053 docket caption accordingly, and all subsequent filings shall conform.

In the meantime, the Court warns Johnson that he faces a filing sanction if he persists in wasting this Court's time. *See Williams v. Allen*, 2017 WL 1102597 at * 3 (S.D. Ga. Mar. 22, 2017) (sanction imposed against serial habeas filer: "As to any future civil actions sought to be commenced *in forma pauperis* (IFP) by petitioner, the Clerk [is] DIRECTED to receive the papers, open a single miscellaneous file for tracking purposes, and forward them to the presiding judge for a

determination as to whether petitioner qualifies for IFP status and whether he has stated a habeas claim with any arguable merit. Only if the pleading alleges a plausible claim for relief will the Court allow it to be filed. IFP petitions that fail to pass muster shall be DISMISSED without any further judicial action after THIRTY (30) DAYS from the date the Clerk receives the petition, unless the Court orders otherwise. This automatic dismissal of insubstantial claims "will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention.") (footnote omitted).

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.

Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 19th day of April, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA